UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH W. JEAN-LOUIS,

                Plaintiff,

-against-                                                                22-CV-6488 (LTS)

COUNTRY OF NORTH KOREA;                                ORDER OF DISMISSAL UNDER
GOVERNOR STATE OF NEW YORK;                         28 U.S.C. § 1915(g)
NATIONAL GUARD; METROPOLITAN
TRANSPORTATION,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Joseph W. Jean-Louis, who is currently incarcerated at the North Infirmary Command on Rikers Island, brings this action *pro se*. He has not filed a request to proceed *in forma pauperis* ("IFP") and prisoner authorization or paid the fees to bring this action. Because Plaintiff has not paid the fees, the Court assumes that Plaintiff seeks leave to proceed IFP. Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Jean-Louis v. Onafer Nuclear Power Plant*, No. 12-CV-1071 (JEM) (C.D. Cal. Feb. 22, 2012) (listing strikes). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

      Although Plaintiff has filed this new action purportedly seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a

that "the Governor is guilty of not having National Guard New York State stop and search every van bus truck entering [illegible] the U.S.A. from Canada." (ECF No. 1 at 2.) Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while he is in custody unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: August 1, 2022
       New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

---

complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).